**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

RACHEL ROE, an *individual resident of Georgia*, and RICHARD ROE, *an individual resident of New York*,

Plaintiffs,

v.

JANE DOE,

Defendant.

Civil Action No.:

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

**Introductory Statement**

1.

This is an action for defamation and tortious interference with business relations, arising from an anonymous campaign of e-mail and social media harassment by Defendant Jane Doe (the "Defendant"). Defendant, using fictional identities and addresses, has used e-mail and social media to direct false and/or harassing communications to business associates of one or both Plaintiffs and to other third-parties. Plaintiffs seek focused early discovery to reveal the identity of

Defendant and, once Defendant can be named, damages resulting from, and injunctive relief against, Defendant's systematic harassment.

**The Parties, Jurisdiction and Venue**

2.

Plaintiff Richard Roe ("Roe 1"), a domiciliary of Georgia who resides from time to time in New York and California, is a professional artist and entertainer with business interests in areas including music, film, and fashion.

3.

Plaintiff Rachel Roe ("Roe 2"), a resident of Georgia, works as a professional manager and advisor in connection with the music and entertainment industries with a focus on overall brand management. Roe 2 serves as a talent manager for Roe 1.

4.

Plaintiffs have styled the case using pseudonyms for their names because of the highly sensitive subject matter involved in the case; because of Defendant's apparent intention to seek a more public audience and platform for the false claims and campaign of harassment at issue in this lawsuit; and because if Defendant learns of this action prior to the unmasking of Defendant's identify, Plaintiffs reasonably fear retaliation in the form of additional anonymous attacks.

5.

By contrast, there is no unfairness to Defendant, who has not yet been identified and served with process, in Plaintiffs' remaining anonymous up to the point that discovery reveals Defendant's identity.

6.

Defendant Jane Doe, on information and belief, is an individual residing in a state other than Georgia, New York or California. In that the amount in controversy exceeds $75,000, and this action is between citizens of different States, the Court has subject matter jurisdiction under 28 U.S.C. § 1332(a).

7.

Defendant is subject to personal jurisdiction in this Court, having committed torts against a Georgia resident and directed tortious activity with effects occurring in this State, and as to whom venue is proper. Defendant knows that Plaintiff Roe 2 lives and conducts personal and business affairs in Atlanta, Georgia and that Plaintiff Roe 1 has business affairs in Georgia. Defendant has acted at all relevant times with the specific intention of damaging Plaintiffs Roe 2 and Roe 1 in Georgia, and Defendant's actions resulted in injury in the State of Georgia.

8.

On information and belief, Defendant's actions are part of a pattern of cyberstalking and harassment over time that includes physical visits to, and other conduct directed at, the State of Georgia. Plaintiffs anticipate that discovery will corroborate and supplement these jurisdictional facts further and permit discovery of the identity of Jane Doe.

9.

Plaintiffs respectfully request leave of Court to serve non-party discovery focused on the identity of Defendant. Despite efforts by Plaintiffs, the true name and capacity(s), whether individual, corporate, or otherwise, of Defendant, are currently unknown to Plaintiffs and, absent narrowly focused early discovery under Fed. R. Civ. P. 26(d), Plaintiffs are unable to identify them. As such, Plaintiffs sue Defendant by this fictitious name. Once discovery permits identification of Defendant, Plaintiffs will seek leave of the Court to amend this Complaint to allege Defendant's true name.

## FACTS COMMON TO ALL COUNTS

10.

As an entertainer and businessperson in the film, music, and fashion industries, Plaintiff Roe 1 is dependent upon his good reputation and professional image. In all of these industries, the quality of professional relationships is a key component to success.

11.

Similarly, as a professional and businessperson working in these industries, Plaintiff Roe 2 strives to present herself professionally at all times. Doing so is critical to her success in her management roles.

12.

Aware of these facts, Defendant has been using fictitious identities and e-mail addresses to send communications to third-parties intended to damage those relationships, and to Plaintiffs, intending to harass and intimidate. One part of this pattern is Defendant misrepresenting herself as a journalist to spread false information.

13.

On April 19, 2018, using the false name "Andrew Smith" and e-mail pagesixinquiries@aol.com, Defendant Doe posed as a writer from the New York Post and e-mailed a professional contact of Plaintiff Roe 1.

14.

In the e-mail, inventing a series of "reports" to use as a vehicle for transmitting the false information, Defendant accused Plaintiff Roe 2 of harassing online behavior, using fictitious identities, and of stealing from Plaintiff Roe 1. Defendant also accused Plaintiff Roe 1 of copyright infringement. A true and correct copy of this e-mail, redacted to remove personal and identifying information, is attached hereto as Exhibit A.

15.

On December 3, 2018, using the false name "Andre Jones" and e-mail gossiptips@gmx.com, Defendant included a series of film industry professionals in an e-mail accusing Plaintiffs Roe 2 and Roe 1 of unlawful and/or illegal activity, and to threaten disruption to upcoming business activities of Roe 1. This e-mail also intentionally relays false and disparaging information about Plaintiffs. A true and

correct copy of this e-mail, redacted to remove personal and identifying information, is attached hereto as Exhibit B.

16.

In this e-mail, Doe Defendant alleged unlawful activity by Plaintiff Roe 2 and referenced another set of supposed "reports," referring to "juicy" details with the implication that Roe 1 committed unlawful, immoral, and/or improper conduct. The e-mail goes on to again allege copyright infringement and intellectual property theft and criminal conduct by Roe 1.

17.

Defendant Doe directed the e-mail to a long list of e-mail addresses, which contain ostensible e-mail addresses of entertainment industry figures with whom Plaintiffs have worked in the past or knows professionally. The e-mail further threatens to forward the same allegations to a film director with whom Plaintiff Roe 1 was currently working.

18.

On December 5, 2018, Defendant Doe, again posing as "Andre Jones," e-mailed another music industry professional to accuse Plaintiff Roe 2 of unlawful activity. This e-mail, and the others, are intended to damage Plaintiffs' professional

reputations, and to disrupt their business relationships and ability to perform their professional work effectively. A true and correct copy of this e-mail, redacted to remove personal and identifying information, is attached hereto as Exhibit C.

19.

An online search reveals no evidence that either of the purported journalists, "Andrew Smith" and "Andre Jones," exist.

20.

The information posted and included by Defendant, as described above, is calculated to inform readers falsely about the professional competence of Plaintiffs and to disrupt their business relationships. All such information and impressions created by Defendant were and are false.

21.

At around the same time, by phone and social media, Defendant has anonymously contacted other third-parties in the personal or professional circles of Plaintiff Roe 1. In one instance, Defendant created anonymous "fan page" accounts for a personal friend of Plaintiff Roe 1 on the social media site Instagram, and then used them to post photos and references to Plaintiff Roe 1. Defendant also made

repeated anonymous telephone calls to this friend, as yet another indirect means of harassing Plaintiff Roe 1.

22.

The postings, which took the form of photos of Roe 1 and various images or icons, represent cyberstalking behavior and harassment, in that they suggest some covert observation by Defendant of Roe 1 and/or his acquaintances, and a fixation on Roe 1's personal life.

23.

On information and belief, Defendant has covertly followed, observed, and/or photographed one or both Plaintiffs, behavior which is also indicative of a pattern of stalking.

24.

Defendant has gone to great effort to shield her identity and to hide from the consequences, and to facilitate the continuation, of the defamatory and injurious conduct. For example, Defendant has used a variety of anonymous or masked e-mail accounts. Neither the AOL nor GMX e-mail providers have any mechanism to provide subscriber and other account information absent a subpoena.

25.

On information and belief, Defendant has also been following Plaintiff Roe 1, using fictitious social media accounts to post pictures of him, comment on them, and/or link to them. This occurred during at least one trip in the State of California.

26.

In another instance, which on information and belief is linked to Defendant, while Plaintiff Roe 1 was in the State of California, his car window was smashed and windshield defaced on or about April 25, 2019. This occurred on a quiet residential street where Roe 1 had experienced no similar prior incidents.

27.

These incidents, targeted at Plaintiffs, appear to all be interrelated and comprise a scheme and pattern of online harassment, including cyberstalking, and unlawful and aggravated stalking by Defendant. Defendant has targeted Plaintiffs by sending threatening and harassing emails containing inappropriate content; creating false accounts online and false social media accounts; posting or disseminating personal information; and following at least one of the Plaintiffs. Defendant's intention has been to harass and intimidate Plaintiffs, causing them emotional distress and reputational and business harm.

28.

On further information and belief, Defendant may be or may have aided, abetted, cooperated with, and/or conspired with an individual who is the subject of a permanent protective order prohibiting contact, direct or indirect, with either Plaintiff. If committed by or in concert with this individual, the conduct referenced in this Complaint constitutes aggravated stalking and a violation of the permanent protective order.

29.

Without narrowly focused early discovery, however, Plaintiffs are unable to more definitely link this individual and Defendant.

**COUNT ONE**

***Defamation***

30.

The factual allegations contained in the preceding Facts Common to all Counts section are hereby incorporated by reference as if rewritten in their entirety.

31.

Defendant has defamed Plaintiffs through publication of the referenced statements contained in Exhibits A, B, and C. On information and belief, Defendant

has published additional defamatory statements subsequent to those referenced in this Complaint, which Plaintiffs anticipate discovery will uncover.

32.

Defendant published the referenced statements with knowledge they were false or with a reckless disregard for the truth or falsity of what was stated.

33.

Defendant's actions have caused a direct harm to Plaintiffs' business, occupation and professional reputation.

34.

If Defendant's actions are not restrained, they threaten to cause further damage to Plaintiffs' reputations, and the loss thereof, as well as damage and discredit to Plaintiffs' standing in the community.

35.

The foregoing defamatory statements have caused Plaintiffs damage, with such injury occurring in Georgia, New York, California, and other places.

36.

The foregoing defamatory statements were made by Defendant with malice, with a conscious disregard for the rights of Plaintiffs and with the intent to harm and disparage Plaintiffs, such that punitive damages should be awarded.

## COUNT TWO

### *Tortious Interference with Business Relations*

37.

The factual allegations contained in the preceding Facts Common to all Counts section are hereby incorporated by reference as if rewritten in their entirety.

38.

Individuals whom Defendant contacted using the fictitious e-mails, as described above, are those with whom one or both Plaintiffs have existing business relationships.

39.

Defendant is aware of those business relationships and Defendant contacted those individuals in a knowing attempt to damage Plaintiffs' reputations and to harm those individuals' relationships with Plaintiffs.

40.

Defendant acted intentionally and without justification, and Defendant is not an interested party to Plaintiffs' business relationships.

41.

The means by which Defendant did so were improper and were taken in reckless disregard for Plaintiffs' rights, including threats to harm Plaintiffs' reputations and business interests and misrepresentations of fact. The threats include sending false information to third-parties to disrupt ongoing business projects and to cause embarrassment to Plaintiffs.

42.

As a result of Defendant's intentional interference with Plaintiffs' relationships, Plaintiffs have been harmed, including through the impairment of their customer relationships, and the time and effort it has taken to correct the misinformation spread by Defendant and to preserve their relationships.

43.

The impact to business relationships and loss of goodwill is difficult to quantify, and Plaintiffs are entitled to and request preliminary and injunctive relief against this interference.

**Request for Relief**

**WHEREFORE**, Plaintiffs pray that this Court grant them the following relief:

a. Under Fed. R. Civ. P. 26(d), leave to commence early discovery to determine the identity of Defendant;

b. Upon discovery of Defendant's identity, for summons to issue as to Defendant;

c. For judgment on Counts One and Two, and for general and special damages in an amount to be proven at trial but not less than $75,000;

d. For preliminary and permanent injunctive relief in the form of prohibitions against the following conduct:

   i. Further tortious interference with business relationship of Plaintiffs;

   ii. Further publication of false statements or information regarding Plaintiffs;

   iii. Any other act or acts calculated to destroy or damage Plaintiffs' professional reputation;

e. For punitive damages;

f. For costs incurred in filing this action;

g. For attorneys' fees incurred in bringing this action to the full extent available at law;

h. For such other and further relief as the Court deems just, equitable and proper.

This 19th day of July, 2019.

ARNALL GOLDEN GREGORY LLP

/s/ *Andrew B. Flake*
Andrew B. Flake
Georgia Bar No. 262425
J. Tucker Barr
Georgia Bar No. 140868
Reid Morelli
Georgia Bar No. 630101

171 17th Street, NW
Suite 2100
Atlanta, Georgia 30363
Ph: (404) 873-8624
Fax: (404) 873-8625

*Counsel for Plaintiffs Roe 1 and Roe 2*