UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RACHEL ROE, an individual resident of New York, and RICHARD ROE, an individual resident of Georgia,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>JANE DOE,<br><br>　　　　Defendant. | CIVIL ACTION NO.<br><br>1:19-CV-03293-JPB |

**ORDER**

This matter comes before the Court on Plaintiffs' Motion for Leave to Serve Fed. R. Civ. P. 26(d) Preliminary Discovery [Doc. 2]. For the reasons set forth below, this Court grants in part and denies in part Plaintiffs' Motion.

**BACKGROUND**

Plaintiffs filed this action on July 19, 2019. [Doc. 1]. Plaintiffs work in the entertainment industry and are suing an unknown defendant, Jane Doe, for defamation and tortious interference with business relations. [Doc. 1, pp. 1, 5]. The Complaint alleges Defendant Doe has used fictional identities and email addresses to engage in the purported defamation and tortious interference. [Doc. 1, p. 5]. Because Defendant Doe has used false identities, and is therefore unknown to Plaintiffs, Plaintiffs seek leave to take discovery before the Rule 26(f)

conference to discover Defendant Doe's identity. [Doc. 2, p. 2]. Plaintiffs specifically request permission to "subpoena phone, internet, and social media service providers (namely AOL, AT&T, GMX and Instagram)" to identify Defendant Doe for purposes of this lawsuit. [Doc. 2, p. 3].

## ANALYSIS

### A. Fictitious Party Practice

The Eleventh Circuit generally does not permit naming fictitious parties in pleadings. Richardson v. Johnson, 598 F.3d 734, 738 (11th Cir. 2010). The only exception explicitly recognized by the Eleventh Circuit Court of Appeals is when "the plaintiff's description of the defendant is so specific as to be 'at the very worst, surplusage.'" Id. (citation omitted). Such precedent, nonetheless, "does not appear to 'foreclose the possibility of recognizing an exception, as has been approved in other Circuits, allowing a plaintiff to name fictitious party defendants where discovery is needed to determine the identity of such person.'" Breaking Glass Pictures, LLC v. Doe, No. 1:13-CV-0882-AT, 2013 WL 8336085, at *5 (N.D. Ga. Apr. 12, 2013) (citation omitted).

This Court finds Plaintiffs appropriately named a fictitious party. Here, Plaintiffs allege Defendant Doe used false names and email accounts to contact third parties. Plaintiffs can only identify Defendant Doe by these false names and, therefore, need limited discovery to identify Defendant Doe's true name. Plaintiffs

sufficiently identified Defendant Doe as a real person by attaching to the Complaint emails Defendant Doe sent to third parties.  Without an opportunity to learn Defendant Doe's true identity, Plaintiffs cannot otherwise bring suit.  Consistent with the national and district trends, this Court finds the use of a fictitious party defendant where discovery is needed to determine the true identity of such person is appropriate in this matter.

### B. Preliminary Discovery

Under Rule 26(d)(1) of the Federal Rules of Civil Procedure, "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)," unless authorized by court order.  The Rules do not state when preliminary discovery is appropriate.  The Eleventh Circuit also has not set forth a standard for preliminary discovery requests.  Several district courts within the Eleventh Circuit, however, apply a good cause standard for such requests.  See Davis v. Collins, No. 1:18-CV-03345-AT, 2018 WL 6163154, at *2 (N.D. Ga. Aug. 24, 2018); In re Chiquita Brands Int'l, Inc., No. 07-60821-CV, 2015 WL 12601043, at *4 (S.D. Fla. Apr. 7, 2015); Thompson Ins. Enters., Inc. v. LIPCA, Inc., No. 1:07-CV-1126-CAP, 2007 WL 9706825, at *6 (N.D. Ga. June 26, 2007).  Additionally, courts in the Northern District of Georgia routinely grant limited preliminary discovery in cases where the plaintiff only knows the defendant's internet protocol ("IP") address and seeks subpoenas to identify the defendant

based on this information.  See, e.g., Breaking Glass, 2013 WL 8336085, at *5; Quad Int'l, Inc. v. Doe, No. 1:12-CV-3646-TCB, at *1 (N.D. Ga. Nov. 2, 2012); Dudley v. Doe, No. 1:12-CV-0477-RWS, at *1 (N.D. Ga. Feb. 17, 2012); Williams v. Doe, No. 1:09-CV-2935-JOF, 2009 WL 4823919, at *1 (N.D. Ga. Dec. 8, 2009); Priority Records LLC v. Doe, No. 1:05-CV-2271-ODE, at *2 (N.D. Ga. Sept. 6, 2005).

In determining whether good cause exists to grant preliminary discovery in cases involving fictitious party defendants, a district court should consider the following:  (1) whether the plaintiff has established a prima facie case; (2) whether the plaintiff has explained the steps already taken to identify the defendant; (3) whether the plaintiff has demonstrated that the requested discovery will likely uncover the defendant's identity; and (4) whether the plaintiff's discovery request is narrowly tailored.  See Quad Int'l, Inc. v. Doe, No. 12-673-N, 2013 WL 105253, at *4–5 (S.D. Ala. Jan. 7, 2013); Guava, L.L.C. v. Doe, No. 12-678-N, 2013 WL 105352, at *4–5 (S.D. Ala. Jan. 7, 2013).  These factors are analyzed separately below.

    i.    Whether Plaintiffs established a prima facie case

The Complaint sufficiently alleges a claim for defamation.  To state a claim for defamation, "a plaintiff must submit evidence of (1) a false and defamatory statement about himself; (2) an unprivileged communication to a third party; (3)

4

fault by the defendant amounting at least to negligence; and (4) special damages or defamatory words 'injurious on their face.'" Lewis v. Meredith Corp., 667 S.E.2d 716, 718 (2008) (citation omitted).  Additionally, when a person commits defamation "by imputing to another a crime punishable by law, 'damage is inferred.'" RCO Legal, P.S., Inc. v. Johnson, 820 S.E.2d 491, 499 (2018) (citation omitted).

This Court finds that Plaintiffs have sufficiently alleged the first two elements—false statements about Plaintiffs communicated to a third party.  Here, Plaintiffs allege Defendant Doe made numerous false statements about them to various third parties.  Specifically, the Complaint references some of Defendant Doe's emails communicated to a third party.  In the first email Plaintiffs cite, Defendant Doe accused Plaintiff Roe 1 of copyright infringement and accused Plaintiff Roe 2 of harassment and theft.  [Doc. 1, p. 6].  Defendant Doe allegedly sent this email to a third-party professional contact.  [Doc. 1, p. 6].  These statements are sufficient to satisfy the first two elements of defamation.

As to the third element—fault by Defendant Doe amounting to at least negligence—this Court finds the allegations sufficient.  Plaintiffs allege Defendant Doe intentionally emailed false statements to business associates to harm Plaintiffs' reputations and business relationships in the entertainment industry.  In the second email Plaintiffs cite, Defendant Doe, posing as a fictional journalist,

told Plaintiff Roe 1 that Defendant Doe would notify Plaintiffs' business associates of the false allegations and would continue to forward "scandalous information." [Doc. 1, pp. 6–7; Doc. 1-2, p. 4].  In the third email Plaintiffs cite, Defendant Doe, again posing as a fictional journalist, encouraged another industry professional to sue Plaintiff Roe 2 over Defendant Doe's false statements.  [Doc. 1, pp. 7–8; Doc. 1-3, p. 2].  Defendant Doe's use of false identities for all communications, veiled threats to Plaintiff Roe 1 and statements encouraging third parties to sue Plaintiff Roe 2 demonstrate intent sufficient to satisfy the third element of defamation.

The last defamation element—damages—is inferred because Defendant Doe accused Plaintiffs of copyright infringement, harassment and theft, which are all crimes punishable by law.  Construing the pleadings in the light most favorable to Plaintiffs, this Court ultimately finds Plaintiffs have made a prima facie showing of defamation.  Consequently, the Court need not proceed with analyzing whether Plaintiffs have also made a prima facie showing of tortious interference with business relations.

    ii.    <u>Whether Plaintiffs explained the steps taken to identify Defendant Doe</u>

The Complaint alleges Defendant Doe assumed the false identities of journalists named Andrew Smith and Andre Jones to commit the alleged actions. [Doc. 1, p. 6].  Plaintiffs attempted to locate and identify Defendant Doe by conducting internet searches for journalists by these names. [Doc. 1, p. 8].  The

internet searches revealed no evidence that these journalists exist. [Doc. 1, p. 8]. Plaintiffs also state neither AOL nor GMX have any mechanism in place for Plaintiffs to obtain account or subscriber information associated with the email addresses Defendant Doe used absent a subpoena. [Doc. 1, p. 9]. This Court finds Plaintiffs have adequately described the steps they took in attempts to locate and identify Defendant Doe.

    iii.    <u>Whether Plaintiffs demonstrated the requested discovery will likely uncover Defendant Doe's true identity</u>

Plaintiffs specifically request permission to subpoena phone, internet and social media service providers. Although Plaintiffs do not know Defendant Doe's IP addresses, Plaintiffs do have electronic communication that Defendant Doe sent from several online accounts. Similar to cases where district courts have allowed the plaintiffs to use IP addresses to identify the defendants, Plaintiffs intend to use these online accounts to identify Defendant Doe. They argue this preliminary discovery will likely uncover Defendant Doe's true identity because the service providers will have IP addresses, user names, email addresses and other related contact information. [Doc. 2-1, p. 3]. Plaintiffs can then use this information to identify, locate and serve Defendant Doe. [Doc. 2-1, p. 3]. This Court finds Plaintiffs have demonstrated that subpoenas for information related to the email accounts associated with Defendant Doe will likely lead to identification for service of process.

      iv.    <u>Whether Plaintiffs' discovery request is narrowly tailored</u>

Plaintiffs' request to subpoena various phone, internet and social media service providers, however, is too broad. Plaintiffs allege Defendant Doe used various fictional online identities to commit the purported defamation and tortious interference. The Complaint and the Motion, however, only provide examples of conduct executed via the AOL and GMX email accounts pagesixinquiries@aol.com and gossiptips@gmx.com. [Doc. 1, pp. 5–7; Doc. 2-1, pp.1–2]. Plaintiffs have failed to identify any other specific account names or numbers used to conduct the activity for which they charge Defendant Doe. Without more information regarding Defendant Doe's alleged communications via AT&T, Instagram and other service providers, this Court cannot grant any form of <u>limited</u> discovery as to these providers.

After reviewing the factors above, the Court finds that good cause exists to warrant <u>limited</u> preliminary discovery in this matter. Because Plaintiffs' subpoena request is too broad, however, this Court grants in part and denies in part Plaintiff's Motion. The Court **HEREBY GRANTS** Plaintiffs' Motion for Leave to Serve Fed. R. Civ. P. 26(d) Preliminary Discovery [Doc. 2] as it pertains to AOL and GMX, as modified below, and **DENIES** Plaintiff's Motion as it pertains to AT&T, Instagram and any other service providers.

## CONCLUSION

It is **HEREBY ORDERED** that Plaintiffs may immediately serve AOL and GMX with Rule 45 subpoenas seeking information to identify Defendant Doe associated with pagesixinquiries@aol.com and gossiptips@gmx.com, limited to the following information: Defendant Doe's name, address, email address, phone number, IP addresses associated with the emails attached to the Complaint as Exhibits A-C and media access control addresses associated with the emails attached to the Complaint as Exhibits A-C. Disclosure of this information is consistent with provider obligations under the Cable Service Privacy Act, 47 U.S.C. § 551(c)(2)(B), and the Stored Communications Act, 18 U.S.C. § 2702. Plaintiffs shall attach a copy of the Complaint and this Order to the subpoenas.

**IT IS FURTHER ORDERED** that AOL and GMX shall have thirty days from the date Plaintiffs serve the entities with Rule 45 subpoenas to serve Defendant Doe, via any reasonable means, with a copy of the subpoena and this Order. Defendant Doe shall have thirty days from the date the subpoenaed entities complete such service to file with this Court any motions contesting the subpoena or requesting to litigate the subpoena anonymously. Should Defendant Doe choose to file such motions, he or she shall also notify AOL and GMX at the time of the filing. AOL and GMX shall not provide any information requested in the subpoenas until the expiration of Defendant Doe's thirty-day response period.

**IT IS FURTHER ORDERED** that AOL and GMX shall have thirty days from the date Plaintiffs serve the entities with Rule 45 subpoenas to file with this Court a motion to quash or similar motion seeking relief.

**IT IS FURTHER ORDERED** that should Defendant Doe timely file a motion to quash or similar motion, AOL and GMX shall withhold the requested information from Plaintiffs until the Court has ruled on such motion.  Should AOL or GMX timely file a motion to quash or similar motion, the respective subpoenaed entity shall withhold the requested information from Plaintiffs until the Court has ruled on such motion.  AOL and GMX shall, however, preserve any subpoenaed information pending the resolution of any timely-filed motion to quash or similar motion.

**IT IS FURTHER ORDERED** that if Defendant Doe's and the subpoenaed entities' thirty-day response periods lapse without Defendant Doe or the subpoenaed entities contesting the subpoena, AOL and GMX shall have ten days to produce the information requested in the subpoenas.

**IT IS FURTHER ORDERED** that the subpoenaed entities shall confer with Plaintiffs regarding any costs associated with providing the information requested in the subpoenas.  AOL and GMX shall not assess charges against Plaintiffs prior to providing information requested in the subpoenas.  If AOL or GMX elect to charge Plaintiffs for any costs associated with producing the

requested information, they shall provide Plaintiffs with a billing summary and cost report.

**IT IS FURTHER ORDERED** that Plaintiffs may only use information disclosed in response to the subpoenas to prosecute the claims set forth in the Complaint.

**SO ORDERED** this 10th day of October, 2019.

_____
**J. P. BOULEE**
United States District Judge